IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---

**MICHAEL JACKSON**
210 Holmar Drive
Brandon, MS 39047

    Plaintiff,

v.

**TETRA TECHNOLOGY**
350 Presto-Sygan Road
Bridgeville, PA 15017

    Defendant

**JURY TRIAL DEMANDED**

CASE NO. 2:23-CV-1850

---

### CIVIL ACTION COMPLAINT

AND NOW Plaintiff, Michael Jackson, by and through his undersigned counsel, files this Complaint alleging that his rights, constituted illegal discrimination and retaliation which is in violation of the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963, et seq., and Title VII, inter alia.

### I.    PARTIES

1. Plaintiff, Michael Jackson, hereinafter ("Plaintiff" or "Jackson"), is an adult individual with a mailing address of 210 Holmar Dr Brandon, MS 39047.

2. Defendant, Tetra Technology, hereinafter ("Defendant") owns and operates a location at 350 Presto-Sygan Rd, Bridgeville, PA 15017, where Plaintiff was employed.

3. At all times material hereto, Defendant was Plaintiff's employer and acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## II.  JURISDICTION

4. This action is instituted pursuant to Title VII and the Pennsylvania Human Relations Act and applicable federal law and state law.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the claims arise under federal laws prohibiting employment discrimination and retaliation. Venue is proper in this district as the events giving rise to this complaint occurred within this jurisdiction.

6. Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims in this Judicial District.

7. Plaintiff exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act.  (See Exhibit "A," a true and correct copy of the Dismissal and Notice of Rights to Sue issued by the EEOC).

## III.  FACTS

8. The Plaintiff, Michael Jackson, an African American man, was subjected to unfair treatment and a hostile work environment during his employment with the Defendant, Tetra Technology.

9. The hostile work environment was characterized by offensive sexual comments made by coworkers, who, while waiting to use the restroom, directed inappropriate comments towards the Plaintiff, such as "hold my penis."

10. Additionally, the Plaintiff discovered that a supervisor was engaging in sexual activity with a female employee, further contributing to the hostile work environment.

11. While Mr. Jackson, was residing in company housing, one evening after work, he returned to his room to discover a white woman undressed in his bed.

12. It became apparent that this woman was a friend of Keith Ramsey, the foreman. Mr. Jackson promptly contacted West (LNU), the supervisor, who assured him that he would address the situation and offered to arrange a hotel room for Mr. Jackson.

13. Mr. Jackson awaited the opportunity to formally report the incident to HR. Keith Ramsey and another Caucasian individual confronted him and jumped him for reporting it to West.

14. Ultimately, when Mr. Jackson filed a formal complaint with HR, he was terminated from his position, as HR asserted that the actions of the two white men were justified.

15. As a result of the racially and sexually discriminatory and hostile work environment, the Plaintiff contacted the safety department and filed a complaint to address the misconduct.

16. However, instead of receiving assistance and rectification of the discriminatory and hostile environment, the Plaintiff was wrongfully terminated from his position immediately after he made his complaints.

## IV. CAUSES OF ACTION

### COUNT I
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### SEX DISCRIMINATION
### (42 U.S.C.A. § 2000e-2(a))

17. Mr. Jackson incorporates the preceding paragraphs as if fully set forth at length herein.

18. Mr. Jackson's status as a male that was subjected to sexual harassment on the basis of his sex places him in a protected class.

19. Mr. Jackson's membership in a protected class was a motivating factor in Defendant's decision to discriminate against Mr. Jackson and terminate his employment.

20. Defendant's sex-based harassment was severe and pervasive and negatively altered his working conditions creating a hostile work environment.

21. Defendant's sex-based harassment was unwelcomed.

22. The working environment would reasonably be perceived as hostile or abusive to the reasonable person.

23. Plaintiff did find his working environment to be hostile or abusive.

24. Defendant's decision to discriminate and to terminate Mr. Jackson's employment is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

25. Plaintiff was sexually harassed by his coworkers and therefore Defendant is vicariously liable for the sexual harassment.

26. Defendant's harassment resulted in a tangible employment action in that Plaintiff was terminated.

27. Based on the foregoing, Mr. Jackson alleges that Defendant violated Title VII by taking an adverse employment action against him due to his sexual orientation.

28. As a proximate result of Defendant's conduct, Mr. Jackson sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Mr. Jackson has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

29. As a result of the conduct of Defendant's owners/management, Mr. Jackson hereby demands punitive damages.

30. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq., Mr. Jackson demands attorneys' fees and court costs.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## HOSTILE WORK ENVIRONMENT
## (42 U.S.C.A. § 2000e-3(a))

31. Plaintiff incorporate the preceding paragraphs as if fully set forth at length herein.

32. At all times material hereto, and pursuant to 42. U.S.C. § 2000e-2(a)., an employer may not discriminate against an employee based on his religion, ethnicity, race, or national origin.

33. Plaintiff is a qualified employee and person within the definition of 42. U.S.C. § 2000e-2(a)., et seq.

34. Defendants are "employers" and thereby subject to the strictures of the 42. U.S.C. § 2000e-2(a)., et seq.

35. As described above, Plaintiff, in the course and scope of his employment, was subjected to a harassing and hostile work environment.

36. Defendants failed to remedy the harassment despite actual or constructive knowledge.

37. Defendants' conduct constitutes a violation of the 42. U.S.C. § 2000e-2(a)., et seq.

38. Defendant is the owner of Defendant's establishment and Plaintiff's place of employment and is therefore liable in damages to Plaintiff for hostile work environment.

39. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as personal injury, emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

40. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

41. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq., Plaintiff demands attorneys' fees and court costs.

## COUNT III
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## RETALIATION
## (42 U.S.C.A. § 2000e-3(a))

42. Plaintiff hereby incorporates by reference each and every paragraph above as if the same were set forth more fully at length herein.

43. At set forth above, Defendant's sexual harassment was reported to Defendant and as such, Plaintiff was engaged in protected activity under Title VII of the Civil Rights Act.

44. Defendant took adverse action against Plaintiff by terminating his employment.

45. As set forth above, Plaintiff participation in protected activity was a motivating factor in Defendant's decision to terminate his employment.

46. As such, Defendant's decision to terminate Plaintiff's employment is a retaliatory action prohibited by the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a).

47. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity,

lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

48. As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

49. Pursuant to the Civil Rights Act of 1964, §704(a), 42 U.S.C. §2000e-3(a), *et seq.*, Plaintiff demands attorneys' fees and court costs.

## COUNT IV
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## RACE DISCRIMINATION
## (42 U.S.C.A. § 2000e-2(a))

50. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

51. Defendant took adverse action against Mr. Jackson by discriminating against him as set forth above and by terminating his employment.

52. Mr. Jackson's status as an African American places him in a protected class.

53. Mr. Jackson's membership in a protected class was a motivating factor in Defendant's decision to discriminate against Mr. Jackson and terminate his employment.

54. As such, Defendant's decision to discriminate against Mr. Jackson and terminate his employment is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

55. As a proximate result of Defendant's conduct, Mr. Jackson sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Mr.

Jackson has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

56. As a result of the conduct of Defendant's owners/management, Mr. Jackson hereby demands punitive damages.

57. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq., Mr. Jackson demands attorneys' fees and court costs.

## COUNT V
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## HOSTILE WORK ENVIRONMENT
## (42 U.S.C.A. § 2000e-3(a))

58. Plaintiff incorporate the preceding paragraphs as if fully set forth at length herein.

59. At all times material hereto, and pursuant to 42. U.S.C. § 2000e-2(a)., an employer may not discriminate against an employee based on his religion, ethnicity, race, or national origin.

60. Plaintiff is a qualified employee and person within the definition of 42. U.S.C. § 2000e-2(a)., et seq.

61. Defendants are "employers" and thereby subject to the strictures of the 42. U.S.C. § 2000e-2(a)., et seq.

62. As described above, Plaintiff, in the course and scope of his employment, was subjected to a harassing and hostile work environment.

63. Defendants failed to remedy the harassment despite actual or constructive knowledge.

64. Defendants' conduct constitutes a violation of the 42. U.S.C. § 2000e-2(a)., et seq.

65. Defendant is the owner of Defendant's establishment and Plaintiff's place of employment and is therefore liable in damages to Plaintiff for hostile work environment.

66. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as personal injury, emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

67. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

68. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq., Plaintiff demands attorneys' fees and court costs.

## COUNT VI
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## RETALIATION
## (42 U.S.C.A. § 2000e-3(a))

69. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

70. As set forth above, Mr. Jackson made complaints to a supervisor about disparate treatment in the workplace and as such, Mr. Jackson was engaged in protected activity under Title VII of the Civil Rights Act.

71. Defendant took adverse action against Mr. Jackson by discriminating against him and eventually terminating his employment.

72. As set forth above, Mr. Jackson's participation in protected activity was a motivating factor in Defendant's decision to terminate his employment.

73. As such, Defendant's decision to terminate his employment is a retaliatory action prohibited by the Civil Rights Act of 1964, §704(a).

74. As a proximate result of Defendant's conduct, Mr. Jackson sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Mr. Jackson has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

75. As a result of the conduct of Defendant, Mr. Jackson hereby demands punitive damages.

76. Pursuant to the Civil Rights Act of 1964, §704(a), 42 U.S.C. §2000e-3(a), *et seq.*, Mr. Jackson demands attorneys' fees and court costs.

## COUNT VII
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
## SEX DISCRIMINATION

77. Plaintiff incorporates all the preceding paragraphs as if they were set forth at length herein.

78. Based on the foregoing, Plaintiff alleges that Defendant violated the Pennsylvania Human Relations Act ("PHRA") by subjecting him to discrimination on the basis of his sex.

79. Plaintiff further alleges that Defendant violated the PHRA by retaliating against Plaintiff for reporting the harassment and sex-based discrimination.

80. Defendant's conduct caused Plaintiff to sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish,

humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

81. As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

82. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* Plaintiff demands attorneys' fees and court costs.

## COUNT VIII
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
## RETALIATION
## (43 P.S. § 951, *et. seq.*)

83. Plaintiff incorporates all the preceding paragraphs as if they were set forth at length herein.

84. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., an employer may not retaliate against an employee as a result that employee engaging in protected activity.

85. Plaintiff is a qualified employee and person within the definition of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

86. Defendant is Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

87. Defendant's termination of Mr. Jackson's employment constituted retaliation for him being engaged in the protected activity of reporting the sexual harassment while employed by Defendant and therefore was in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

88. As a proximate result of Defendant's conduct, Mr. Jackson sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Mr. Jackson has also sustained work loss, loss of opportunity and a permanent diminution of his earning power and capacity and a claim is made therefore.

89. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Mr. Jackson demands attorneys' fees and court costs.

## COUNT IX
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
## RACE DISCRIMINATION
## (43 P.S. § 955)

90. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

91. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., an employer may not discriminate against an employee based on race.

92. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

93. Defendant is an "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

94. Defendant's conduct in discriminating against Plaintiff terminating his employment are adverse employment actions, were taken as a result of his race and constitute a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

95. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost

opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

96. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorney's fees and court costs.

## COUNT X
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

97. Plaintiff incorporates all the preceding paragraphs as if they were set forth at length herein.

98. Based on the foregoing, Plaintiff alleges that Defendant violated the Pennsylvania Human Relations Act ("PHRA") by subjecting him to discrimination on the basis of his race.

99. Plaintiff further alleges that Defendant violated the PHRA by retaliating against Plaintiff for his making complaints of harassment and race-based discrimination.

100. Defendant's conduct caused Plaintiff to sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

101. As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

102. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* Plaintiff demands attorneys' fees and court costs.

**RELIEF REQUESTED**

**WHEREFORE**, Plaintiff, Michael Jackson demands judgement in her favor and against Defendant, Tetra Technology, in an amount in excess of $150,000.00 together with:

A.  Compensatory damages for: including, but not limited to: emotional distress, pain and suffering, personal injury damages, economic loss, lost wages and benefits, lost future earnings and lost future earning capacity;

B.  Punitive damages;

C.  Treble damages;

D.  Attorney's fees and costs of suit;

E.  Interest, delay damages; and,

F.  Any other further relief this Court deems just proper and equitable.

Date: October 24, 2023

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: _/s/ Briana Lynn Pearson, Esquire_
BRIANA LYNN PEARSON, ESQUIRE
(P.A. ID 327007)
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Telephone: 215-944-6113
Telefax: 215-627-9426
Email: brianap@ericshore.com
*Attorneys for Plaintiff Michael Jackson*

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S. § 4904, relating to unsworn falsification to authorities.

10/24/2023
(Date Signed)

Michael Jackson